UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

DEREK ABERLE, an individual, and all others similarly-situated,

Plaintiffs,

vs.

TRAVERTSON, INC., A Florida Corporation,

Defendant.
_________________________________/

**FLSA OVERTIME COMPLAINT**

COMES NOW the Plaintiff, DEREK ABERLE, and all other similarly-situated individuals, by and through the undersigned counsel and sues Defendant, TRAVERTSON, INC., a Florida corporation, and alleges:

JURISDICTION, PARTIES, AND VENUE

1. Plaintiff brings this action on his behalf and for all those similarly situated current and former employees, to recover money damages for unpaid overtime and minimum wages, under the laws of the United States.

2. This Court has original jurisdiction over Plaintiff's claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (Section 216 for jurisdictional placement) ("the FLSA").

3. Plaintiff, DEREK ABERLE, is an individual over eighteen years of age, residing and domiciled in Broward County, Florida, and is otherwise *sui juris*. Plaintiff is a covered

employee for purposes of the FLSA.

4. At all times material, Defendant,, TRAVERTSON, INC., was and is a Florida corporation authorized to do business in the State of Florida with agents and/or offices in Broward County, Florida.

5. Defendant, TRAVERTSON, INC., is a resident of Broward, County Florida, having its principal business address at 3285 SW 11TH Avenue, Fort Lauderdale in Broward County, Florida, where Plaintiff was employed, and at all times material hereto, Defendant was and is engaged in interstate commerce.

6. Venue is properly located in the Southern District of Florida because a substantial part of the events or omissions giving rise to this cause of action occurred in Broward County, Florida.

COUNT I -- UNPAID OVERTIME

Plaintiff re-alleges and re-avers paragraphs 1 through 6 and as fully set forth herein.

7. This action is brought by Plaintiff and similarly-situated current and former employees to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. Section 207 (a)(1) states, "No employer shall employ any of his employees for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

8. Plaintiff was employed by Defendant from approximately October 2006 through 2008, in an activity affecting interstate commerce, a manufacturing establishment for motor-

cycles / motor-vehicles.

9. Such vehicles are instrumentalities of interstate commerce for purposes of the Commerce Clause. *See, e.g., United States v. Ballinger*, 395 F.3d 1218, 1226 (11th Cir. 2005) ("Instrumentalities of interstate commerce . . . are the people and things themselves moving in commerce, including automobiles, airplanes, boats, and shipments of goods.");

10. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as a manufacturing establishment which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

11. Plaintiff, as well as those similarly-situated employees, worked as a welder/ fabricator, and was required to handle and/or deal with numerous items that have been "moved or produced in interstate commerce."

12. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those

similarly-situated are within interstate commerce.

13. While employed by Defendant, Plaintiff worked a total of 256 hours of overtime that he was not compensated for at the rate of one and one-half times the regular rate at which he was employed. Plaintiff as a welder/ fabricator, performing the same or similar duties as that of those other similarly-situated employees whom Plaintiff observed worked in excess of forty (40) hours per week without overtime compensation.

14. Plaintiff was paid at the rate of $20.00 an hour for the hours that he worked for Defendants and has never been compensated for overtime wages for the hours that he worked in excess of forty (40) hours per week. In addition, Defendants failed to make the necessary employer contributions. The Court has jurisdiction to determine the amount of benefits owed to Plaintiff.

15. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

16. At all times material hereto, the Employer failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Employer to properly pay them at the rate of time and one-half for all

hours worked in excess of forty hours (40) per workweek as provided in the FLSA. Plaintiff and those similarly situated did not receive any overtime pay from the Employer.

17. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff and those similarly-situated request double damages and reasonable attorney's fees from the Defendant corporation pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's and those similarly-situated employees' entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff and those similarly-situated do not recover double damages, then Plaintiff and those similarly-situated seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues triable as of right by jury.

DATED: December 21, 2010

Respectfully submitted,

By: /s/ Daniel B. Reinfeld

DANIEL B. REINFELD, ESQ.
Florida Bar No.: 174815
DANIEL B. REINFELD, P.A.
Ives Dairy Commerce Center
20249 NE 16th Place
Miami, FL 33179
Telephone: (954) 558-8139
Facsimile: (954) 628-5054
E-Mail: dan@reinfeldlaw.com