# CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement (hereinafter the "Agreement") is entered into by and between Plaintiff, DEREK ABERLE (hereinafter "Aberle") and Defendant, TRAVERTSON, INC., (hereinafter "Defendant") (all parties hereinafter collectively referred to as the "Parties"). This Agreement shall be effective the day of its execution by the last undersigned party (hereinafter, the "Effective Date").

## RECITALS

**WHEREAS**, the Parties reached a settlement of all issues which were raised or which could have been raised in the matter originally styled Aberle v. Travertson, Inc., Case No. 10-62478-CIV-LEONARD/O'Sullivan, currently pending in the United States District Court for the Southern District of Florida (hereinafter also referred to as the "lawsuit"); and

**WHEREAS**, subject to the terms of this Agreement, the Parties have agreed to settle the lawsuit and resolve any and all disputes between them relating to the claims asserted in the lawsuit, including claims for attorney's fees and costs.

**NOW THEREFORE**, in consideration of the mutual covenants, promises, and conditions herein contained, and for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, intending to be legally bound hereby, the Parties hereto agree as follows:

1. **Recitals:** The Parties acknowledge that all of the "WHEREAS" clauses preceding paragraphs are incorporated as material parts of this Agreement.

2. **No Admission of Liability:** The Parties agree and acknowledge that this Agreement (including any of its discrete sub-parts) is not and shall not be construed as an admission by the Defendant (or any person or entity acting on their behalf) of any liability or any act or wrongdoing whatsoever, including without limitation, any violation of (1) any federal, state or local law, statute, regulation, code or ordinance; or (2) of any legal, common law or equitable duty owed by the Defendant to anyone.

3. **Settlement Amount:** The Defendant agrees to pay to Aberle the amount of Three Thousand ($3,000.00) Dollars, no later than twenty (20) days from the date of full execution by both parties of this agreement.

Confidential Settlement Agreement
Aberle v. Travertson
Case No. 10-62478-CIV-LEONARD/O'Sullivan

**4.     Aberle Release of Defendant**:  For good and valuable consideration as described herein, receipt of which is hereby acknowledged, Aberle, for himself and his heirs, executors, administrators, and assigns, does hereby remise, release, acquit and forever discharge Travertson, Inc. and its attorneys, personal representatives, successors, heirs, executors, administrators, and assigns, predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, including but not limited past and present shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives, and all other persons, firms, corporations and other entities that were alleged to have been or that could have been alleged to have been acting in concert with any of the foregoing (individually and collectively referred to as "Releasees") in their individual and official capacities, and their heirs, assigns and legal representatives, of and from, any and all claims and demands, except as otherwise noted below, past or present, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity (hereinafter "Claims"), which Plaintiff and Plaintiff's heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees ever had or now have by reason of the claims which were actually asserted, or might have been asserted or could have been asserted by Aberle in the Lawsuit, and arising out of Aberle's employment by and/or separation from Travertson, Inc.

This Release by Aberle includes, but is not limited to:

A.     Any and all Claims for damages, salary, wages, commissions, compensation of any kind, overtime compensation, monetary relief, employment, benefits, including but not limited to any claims for benefits under any of Defendant or Releasees' employee benefit plan or any retirement plan, profit sharing, capital stock, bonuses, merit and longevity increases, and all other benefits of all kind, earnings, back pay, front pay, liquidated and other damages, compensatory damages, punitive damages, damage to character, damage to reputation, emotional distress, mental anguish, depression, injury, impairment in locating employment, financial loss, home foreclosure, pain and suffering, being made whole, injunctive and declaratory relief, interest, attorney's fees, and costs arising from Aberle's employment and/or relationship with the Defendant or from the Lawsuit.

2

Confidential Settlement Agreement
Aberle v. Travertson
Case No. 10-62478-CIV-LEONARD/O'Sullivan

      B.    Any and all Claims growing out of, resulting from, related to, or connected in any way to Aberle's relationship and/or employment, and the termination/separation thereof, with Defendant or Releasees, including but not limited to any and all claims for handicap or disability discrimination, national origin discrimination, race discrimination, age discrimination, sex discrimination, harassment of any kind, including sexual harassment, retaliation, unequal pay, whistle-blowing, breach of contract, rescission, promises, claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, torts of all kind, including but not limited to misrepresentation, negligent or otherwise, fraud, defamation, libel, battery, assault, slander, intentional infliction of emotional distress, workers' compensation, workers' compensation retaliation, interference with an advantageous business relationship, negligent hiring, negligent retention, discrimination, claims or rights under state and federal whistle-blower legislation, the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), the Equal Pay Act ("EPA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Florida Civil Rights Act of 1992 ("FCRA"), Chapter 760, Fla. Stat., the Fair Labor Standards Act ("FLSA"), as amended, the Florida Minimum Wage Act, Chapter 448.110, Fla. Stat., Article X, Section 24 of the Florida Constitution, and any other claim of any kind.

      C.    A waiver by Aberle of any rights of action and administrative and judicial relief which Aberle might otherwise have available in the state and federal courts arising from Aberle's employment or relationship with Defendants or Releasees, including, without limitation, all common law Claims and Claims under federal and state constitutions, statutes and regulations and federal executive orders and county and municipal ordinances and regulations, and all Claims for attorney's fees and costs, including, any such claim based upon the common law, and/or federal or state or local statute, rule, rule of Court, ordinance or otherwise.

      D.    As part of this Agreement, Aberle specifically waives any present and future claim to reinstatement or employment with the Defendants, or any of their subsidiaries, parent corporations, affiliates, divisions and related companies and entities at any time in the future. Aberle further agrees not to knowingly seek employment with the Defendants, or any of their subsidiaries, parent corporations, affiliates, divisions and related companies and entities at any time in the future. Neither the Defendants nor any of their subsidiaries, parent corporations, affiliates, divisions and related companies and entities are under any obligation or duty to consider Aberle for re-employment in the future.

Confidential Settlement Agreement
Aberle v. Travertson
Case No. 10-62478-CIV-LEONARD/O'Sullivan

SPECIFIC RESERVATION OF CLAIM RELATING TO PROMISSORY NOTE: Plaintiff, Aberle, specifically reserves the right to sue and bring a legal action against Travertson's relating to the Promissory Note dated on about May 1, 2008, and this release does not act as release of any claims relating to such Promissory Note.

5. **Binding Nature of Agreement:** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

6. **Governing Law and Jurisdiction:** This Agreement shall be deemed to be made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of Florida.

7. **Interpretation:** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between the Parties respective counsel, and shall not be construed against the "drafter" of the Agreement.

8. **Modification of Agreement:** This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

9. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

10. **Signatures in Counterparts:** This Agreement can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all Parties had the same signature page. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as the original signatures.

11. **Representation:** Each party represents that each person signing below, and/or authorized counsel, executing this Agreement on its behalf has been authorized to sign on behalf of the respective party and to bind that party to the terms of this Agreement and that the respective Parties have the power and authority to perform their respective obligations as provided by this Agreement and shall fully bind the Parties to all of the terms and obligations of this Agreement.

4

Confidential Settlement Agreement
Aberle v. Travertson
Case No. 10-62478-CIV-LEONARD/O'Sullivan

      **12.**    **Dismissal of the Claims in the Action.** The Parties agree that, upon execution of this Agreement, the parties will submit a Joint Motion to the Court requesting approval of this settlement and dismissal of the lawsuit, with prejudice.

      **13.**    **Attorney's Fees:** It is agreed that each party shall bear and be responsible for its own attorney's fees incurred in this action.

      **14.**    **Prevailing Party Fees:** In the event that either party is required to retain counsel for purposes of the interpretation or enforcement of this Agreement, or for its breach, the prevailing party in said action shall be entitled to recover its reasonable attorney's fees and costs through appeal, from the non-prevailing party.

      **15.**    **Careful Review and Understanding of Agreement.** The parties to this Agreement mutually represent that each has carefully read this Agreement and understands its terms and conditions without reservation. The Parties acknowledge that each has had ample opportunity to consult with legal counsel of their choice regarding this Agreement, have not relied on any representations or statement of the other party or its counsel with respect to the subject matter of this agreement, and understand that they are relinquishing and releasing in their entirety the claims they may have against each other in the Action.

      **16.**    **Tax Considerations:** Aberle acknowledges that the Defendants and Releasees are not warranting or representing any tax consequences of this Settlement and that Aberle is relying on his own legal and/or tax advisors and not on the Defendants or Releasees in that regard.

      **17.**    **Integration Clause:** THIS AGREEMENT REPRESENTS THE FINAL AGREEMENT AMONG THE PARTIES WITH RESPECT TO THE SUBJECT MATTER HEREOF AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR ORAL OR WRITTEN, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS AMONG THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS AMONG THE PARTIES AND ALL REPRESENTATIONS AND PROMISES MADE BY ANY PARTY TO ANOTHER, WHETHER IN WRITING OR ORALLY, CONCERNING THE ACTION, AND THE SETTLEMENT AND DISMISSAL OF THE ACTION ARE UNDERSTOOD BY THE PARTIES TO BE MERGED INTO THIS AGREEMENT.

      **18.**    **Severability.** If any portion or portions of this Agreement may be held by a court of competent jurisdiction to be invalid and of no force and effect in such jurisdiction, all remaining provisions of this Agreement shall otherwise remain in full force and effect and be construed as if such invalid portion or portions has not been included herein.

Confidential Settlement Agreement
Aberle v. Travertson
Case No. 10-62478-CIV-LEONARD/O'Sullivan

**19. Confidentiality.** All of the terms and conditions of this Agreement are totally confidential and none of the Parties hereto shall hereafter disclose any of the terms to anyone nor shall any copy of this Settlement Agreement be disclosed, made public in any way or filed with any Court, except that (i) this Agreement may be filed with the Court in any action or motion to enforce the terms of this Agreement (including but not limited to any action for a future breach by any of the parties of the covenant of confidentiality); (ii) the terms of Agreement may be disclosed to such accountants as are reasonably necessary incident to each party's filing required income tax returns and (iii) this Agreement may be produced and the terms of settlement may be disclosed if production of the Agreement and/or disclosure of its terms is compelled by court order, judicial process, or otherwise required by law.

Dated this _____ day of May, 2011.

For PLAINTIFF,

_____
DEREK ABERLE

STATE OF FLORIDA
COUNTY OF _____

BEFORE ME, the undersigned Notary Public, on this day personally appeared **Derek Aberle**, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same in the capacity therein stated and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this _____ day of May, 2011.

_____
Notary Public, State of _____

_____
Printed Name of Notary

My Commission Expires: _____

Confidential Settlement Agreement
Aberle v. Travertson
Case No. 10-62478-CIV-LEONARD/O'Sullivan

Dated this 23rd day of May, 2011.

For: TRAVERTSON, INC.

_[signature]_

CHRISTIAN TRAVERT - PRES.
PRINTED NAME & TITLE

STATE OF FLORIDA
COUNTY OF Miami-Dade

BEFORE ME, the undersigned Notary Public, on this day personally appeared Christian Travert, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same in the capacity therein stated and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this 23rd day of May, 2011.

_[signature]_
Notary Public, State of Florida

Marta C. Garcia
Printed Name of Notary

MARTA C. GARCIA
MY COMMISSION # DD 714927
EXPIRES: October 25, 2011
Bonded Thru Notary Public Underwriters

My Commission Expires: _____

7